# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **MIGUEL RUBIO-GARCIA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **1:10CV446** |
| v. | ) | **1:08CR84-1** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, has submitted a document requesting "vindication regarding my custody sentence imposed on February 27, 2009." (Docket No. 54 at 1.) In it he seeks to attack the sentence he received in this Court. He also makes claims that he has received ineffective assistance of counsel. The document he has filed is not a recognizable method for raising these sorts of claims. Instead, the proper avenue for such an attack is ordinarily a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For this reason, the Court will construe the submission as such a motion. Unfortunately, the motion cannot be further processed for the following reasons:

1. Motion is not on proper § 2255 form.

2. Petitioner already has a direct appeal pending in the United States Court of Appeals for the Fourth Circuit. While there may be no jurisdictional problem with a motion under § 2255 proceeding at the same time as a direct appeal, the

Advisory Committee Note to Rule 5 of the Rules Governing Section 2255 Proceedings states that it is "inappropriate" to simultaneously maintain a direct appeal and a motion under § 2255. Where a prisoner files such a motion while a direct appeal is pending, the normal practice is to dismiss the § 2255 motion without prejudice to it being refiled once the direct appeal process has ended. *See*, *e.g.*, *Capaldi v. Pontesso*, 135 F.3d 1122 (6th Cir. 1998); *United States v. Deeb*, 944 F.2d 545 (9th Cir. 1991).

Because of these pleading failures, this particular motion will be dismissed, but without prejudice to Petitioner filing a new motion properly following the 28 U.S.C. § 2255 forms and correcting the defects of the present motion after his direct appeal has concluded.[1] The Court has no authority to toll the statute of limitation. Therefore, it continues to run and Petitioner must act quickly once his appeal concludes if he intends to pursue this motion. *See Spencer v. Sutton*, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner new § 2255 forms and instructions for filing a § 2255 motion,

---

[1] Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first motion which would later trigger the prohibitions against second or successive motions found in 28 U.S.C. § 2255(h). However, if Petitioner chooses to later submit a § 2255 motion that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2255 motion decided on its merits. Second or successive motions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a motion. 28 U.S.C. §§ 2255(h) and 2244. That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a motion. *See generally Castro v. United States*, 540 U.S. 375 (2003). If Petitioner wishes to challenge his conviction, he must use the § 2255 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. Petitioner may also choose not to submit a motion. Finally, if Petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence. He should not use the § 2255 forms in that instance.

which Petitioner should follow. Petitioner also requests a current docket sheet. An updated docket sheet will be sent.

**IT IS THEREFORE ORDERED** that the Clerk is instructed to send Petitioner § 2255 forms and instructions, along with a current docket sheet in this case.

**IT IS RECOMMENDED** that this action be filed and dismissed *sua sponte* without prejudice to Petitioner filing a corrected motion on the proper § 2255 forms.

/s/ P. Trevor Sharp<br>United States Magistrate Judge

Date: June 22, 2010